## MOORE v. FINGAR.

(Supreme Court, Appellate Division, Third Department. May 4, 1910.)

1. EVIDENCE (§ 269*)—TITLE TO SAVINGS BANK ACCOUNT—DECLARATIONS OF DEPOSITORS.

In an action by the administrator of a husband against the administrator of the widow to recover a savings bank deposit, where the manner in which the deposit was shown upon the bank books, being in the name of both decedents, "payable to either or the survivor," did not determine the absolute title thereto as between the two decedents, a conversation between them upon the subject was admissible in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1095; Dec. Dig. § 269.*]

2. EVIDENCE (§ 236*)—ADMISSIONS.

In an action to recover a savings bank deposit, claimed by the parties to belong to their respective intestates, the admissions of defendant's intestate as to the ownership of the deposits were admissible in evidence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 876; Dec. Dig. § 236.*]

Appeal from Trial Term, Columbia County.

Action by Etta Moore, individually and as administratrix of William S. Smith, deceased, against Peter F. Fingar, as administrator of Augusta C. Smith, deceased. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial granted.

See, also, 132 App. Div. 941, 118 N. Y. Supp. 1126.

The action was brought to recover the amount of a savings bank account; plaintiff being the administratrix and only child of William S. Smith, deceased. The defendant was the brother and administrator of Augusta C. Smith, widow of William S. Smith, and one of her next of kin. She was the second wife of said William S. Smith, and was the stepmother of the plaintiff. The plaintiff and the defendant each claim to own the account. In 1891 Smith opened the account with money deposited by him, and had the bank book issued in the name of "William S. and Augusta C. Smith." In 1901 the account was changed

by adding the words, "Payable to either or the survivor." Smith died November 6, 1901. Mrs. Smith died September 5, 1907, not having withdrawn anything from the account.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

John L. Crandall, for appellant.
A. Frank B. Chace & Sons (William Wallace Chace, of counsel), for respondent.

JOHN M. KELLOGG, J. This case is reported upon a former appeal in 131 App. Div. 399, 115 N. Y. Supp. 1035, where a judgment in favor of the plaintiff was reversed because the trial court permitted her to swear to conversations with her father, since deceased, from whom the defendant derived title, or who was connected with the title of the defendant to the deposit in question. The court at the same time ruled that the statements made by the defendant's intestate were receivable in evidence as admissions against her interest. Upon this trial the court excluded said alleged admissions made by the defendant's intestate, and also conversations overheard between the plaintiff's intestate and defendant's intestate with reference to the ownership of the deposit in question; it standing upon the bank books in the name of both, payable "to either or the survivor." The manner in which the deposits stood upon the bank books did not in itself determine the absolute title as between the parties in whose name it stood, and a conversation between them upon the subject was clearly admissible, and the admissions by the defendant's intestate with reference to the ownership of the fund were also clearly admissible. We are simply holding that the evidence was admissible, and do not consider what weight it may have in the litigation.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.